UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLARD KNAACK,

      Plaintiff,                                Case No. 07-13787

v.                                            Honorable John Corbett O'Meara

WARREN INDUSTRIES, INC., and
DRAGOSLAV UDICKI, Jointly and Severally,

      Defendants.
_____/

## OPINION AND ORDER
## GRANTING PLAINTIFF'S OCTOBER 1, 2007 MOTION TO REMAND

Defendants filed notice of removal in this matter September 10, 2007. On September 28, 2007, the court ordered Defendants to show cause why the case should not be remanded for lack of subject matter jurisdiction. Plaintiff Willard Knaack filed a motion to remand October 1, 2007; and Defendants responded to the court's show cause order October 4, 2007. No response was filed to Plaintiff's motion to remand. Pursuant to Local Rule 7.1 (e)(2), no oral argument was heard.

## BACKGROUND FACTS

Plaintiff Willard Knaack filed a three-count complaint in the Circuit Court for the County of Macomb on April 25, 2007. The complaint alleged breach of contract in Count I, breach of Michigan's Sales Representative Commission Act in Count II, and ethnic discrimination under Michigan's Elliott-Larsen Civil Rights Act in Count III.

Defendants allege that in August 2007, Plaintiff served Defendants with a Second Request for Production of Documents, including Defendants' "'pension plan funding,' 'benefits payments,' and payments made to employees via investment tools such as 'SEP, SIMPLE IRA, KEPH, SARSEP,

401K, defined benefit plan and/or profit sharing plan.'" Defendants' notice at 2. Defendants contend that "[c]auses of action filed in state court alleging improper termination of benefits or failure to pay benefits under an ERISA-covered plan[] are preempted by ERISA, 29 U.S.C. § 1144(a), and removable to federal court." Id. at 3. Defendants argue that Plaintiff's Second Request for Production of Documents "allege [*sic*] wrongful denial of payments due and owing for Plaintiff's employee benefits" and that because "Plaintiff's allegation of wrongful termination of benefits is federal in character," this court has original jurisdiction pursuant to "29 U.S.C. § 1332 [*sic*]." [1] Id.

## **LAW AND ANALYSIS**

Federal question jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). All three counts of plaintiff Knaack's complaint allege causes of action under state law. Federal law did not create any of these causes of action. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Nor does any one of them require resolution of an "actually disputed and substantial" federal issue. See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Therefore, this court lacks federal subject matter jurisdiction over the claims.

---

[1] Title 28 U.S.C. § 1332 governs diversity of citizenship; § 1331 governs federal subject matter jurisdiction based on a federal question. There is no dispute that diversity of citizenship does not apply, as all parties are Michigan citizens.

## **ORDER**

It is hereby **ORDERED** that Plaintiff's October 1, 2007 motion to remand is **GRANTED**; and the case is **REMANDED** to the Circuit Court for the County of Macomb.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: November 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 28, 2007, by electronic and/or ordinary mail.

                                      s/William Barkholz
                                      Case Manager